■ KERN, SUSLOW SECURITIES, INC., Appellant-Respondent, v BAYTREE ASSOCIATES, INC., Respondent-Appellant. [671 NYS2d 63] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered on or about October 9, 1997, which, insofar as appealed from, granted defendant's motion to disqualify plaintiff's attorneys to the extent of prohibiting plaintiff from using certain information about defendant's principal as long as plaintiff continues to be represented by its current attorneys, unanimously modified, on the law and the facts, to the extent of permitting plaintiff to use the subject information only if it retains new attorneys and the court is satisfied that plaintiff and its new attorneys obtained the information independently and not from plaintiff's current attorneys, and otherwise affirmed, without costs.

Defendant has demonstrated the existence of a prior relationship between its principal and plaintiff's attorneys in the present action that involved, among other things, a written agreement by the attorneys not to disclose certain information about defendant's principal in exchange for the principal's cooperation in a prior unrelated action that the attorneys were then prosecuting on behalf of other unrelated clients. Any attempt by plaintiff's attorneys to use such information, which they had expressly agreed in writing not to disclose in order to foster a prior relationship of cooperation with defendant's principal, sufficiently implicates the ethical concerns underly-

ing the preservation of client confidences and secrets (Code of Professional Responsibility DR 4-101 [B] [22 NYCRR 1200.19 (b)]; DR 5-108 [A] [2] [22 NYCRR 1200.27 (a) (2)]) to warrant the sort of measured prohibition imposed by the motion court. We are also persuaded that defendant moved expeditiously once plaintiff's attorneys revealed their intention to use the subject information. However, the court's ruling that plaintiff could use the subject information, regardless of how it was obtained, were it to retain new attorneys fails to avoid the appearance of impropriety, and should be further qualified to require a showing that plaintiff and any new attorneys it hires obtained the information from sources independent of plaintiff's current attorneys (*cf.*, CPLR 3103 [c]). We have considered the parties' other contentions for affirmative relief and find them to be without merit. Concur—Rosenberger, J. P., Nardelli, Wallach, Rubin and Mazzarelli, JJ.